# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYFIELD JOSEPH THIBEAUX**

**VERSUS**

**REBEKAH E. GEE, SECRETARY-LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**

**CIVIL ACTION**

**NO. 18-4-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 16, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYFIELD JOSEPH THIBEAUX**

**VERSUS**

**REBEKAH E. GEE, SECRETARY-LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**

CIVIL ACTION

NO. 18-4-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 27, 2018, the Court granted Rayfield Joseph Thibeaux's ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 2). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted. This Court recently dismissed an action brought by the same plaintiff regarding virtually the same allegations pursuant to 28 U.S.C. § 1915(e). See *Thibeaux v. Gee*, No. 17-668, 2018 WL 343890 (M.D. La. Jan. 9, 2018), *adopting report and recommendation*, 2017 WL 6884338 (M.D. La. Nov. 3, 2017).

Also before the Court is Plaintiff's Motion for the Appointment of Counsel (R. Doc. 3), "Motion to Have Summon and Complaint Served by U.S. Marshal" (R. Doc. 4), "Motion to File Patent 'Implant Telemetry System' as Evidence to a Coiled Biomedical Implants" (R. Doc. 6), "Motion to File Plaintiff's Records of His Social Security Disability Findings and Conclusion" (R. Doc. 7), and "Motion for Rule 45 Medical Examination" (R. Doc. 9).

**I.     Nature of the Plaintiff's Allegations**

On January 10, 2018, Plaintiff filed a Complaint against Rebekah E. Gee, Secretary-Louisiana Department of Health and Hospitals, complaining that he was illegally implanted with

1

a surreptitious monitoring device. (R. Doc. 1). Plaintiff states that he was unlawfully sentenced to Dixon Correction Institute where he was illegally implanted with the device which he believes is used in forensic psychiatry at Eastern Louisiana Mental Health Systems located two miles from Dixon Correctional Institute.

Plaintiff's Complaint alleges that in 1981 he was arrested and convicted for a burglary he committed in Lake Charles, Louisiana. He was first given a three (3) year probation sentence for that burglary, but before he was allowed to be released from the parish jail on probation, he was told that he had a hold on his release. Approximately three days later, he was returned back to the parish courthouse, where he was accused of having another probation sentence in another parish within the State of Louisiana. The three year probation sentence was vacated from the record. He was then given a five (5) year sentence to be served in the Louisiana Department of Corrections. He states that nothing was ever done about the probation sentence he was accused of having before he was convicted in the Lake Charles courthouse. Further, he claims that shortly after arriving at Dixon Correctional Institute he went into a very deep sleep one night, awoke to pain and to find the tip of some kind of coiled wire "protruding from my rectum," near the left cheek of his buttocks. He went back to sleep and after a day or two later, the pain was gone and he could not see the tip of the coiled wire anymore. However, he began to notice that he was being monitored by the prison guards. Plaintiff states that he filed this suit for a Court ordered release from the monitoring system.

Plaintiff asserts that he is seeking relief under "the Fourth and Fourteenth Amendment[s] of the United States Constitution; LA Code of Crim. Proc. 894.2A(1)(2)(a)(b)(3);[1] and Louisiana Department of Health and Human Services, 45 CFR 46 section .116 and .117."[2] (R. Doc. 1 at 1).

Plaintiff does not provide the date and the year of the alleged insertion of the monitoring device, or otherwise identify the individuals who allegedly inserted the device. Plaintiff alleges that he was involved in several fights at Dixon Correction Institute; that he was required to see a psychiatrist and refused to be put on medication; and that he began seeing a psychologist once a month for about four months shortly after he noticed the alleged device. Plaintiff also identifies the wardens of the prison as Warden Burl Cain and Warden Van Buren. Plaintiff also alleges that when he first applied for Social Security disability benefits, Dixon Correctional Institute informed the Social Security Administration that he was never at Dixon Correctional Institute.

Plaintiff attached to his Complaint the following documents: (A) "Request for Information (RFI) for Provision of Forensic Science" by the State of Louisiana Department of Health & Hospitals Office of Behavioral Health and (B) the U.S. Patent documents for an "Implantation Device for Soft Tissue Markers and Other Implants." (R. Doc. 1-1).

**II.    Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)    is frivolous or malicious;

---

[1] These statutory provisions concern home incarceration under Louisiana criminal procedural law. *See* La. Code. Cr. P. art. 894.2(A)(1), (2),(3).
[2] These regulations govern the general requirements for informed consent and documentation for informed consent for the protection of human research subjects by the U.S. Department of Health and Human Services. *See* 45 C.F.R. §§ 46.116, 46.117.

3

>   (ii)   fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000). The Court also notes that with respect to these facts as alleged by the Plaintiff, this is his second lawsuit with nearly identical allegations. As referenced above, the previous lawsuit has already been dismissed as frivolous.

Taken as a whole, the claims in the Complaint are frivolous, fail to state a claim, or both. Plaintiff alleges that shortly after arriving at Dixon Correctional Institute sometime in the 1980s, he noticed a coiled wire protruding from the left cheek of his rectum. Plaintiff alleges that he was monitored through this device while he served over three years at Dixon Correctional Institute, and continues to be monitored to this day. Plaintiff appears to assert that the Louisiana Department of Health and Hospitals has implemented a plan to insert monitoring devices into inmates for research purposes. Plaintiff has submitted information regarding a patented device he believes was implanted into his body while he was incarcerated. Plaintiff does not, however, assert any tangible allegations in support of a finding that a monitoring device is, in fact, inside of him, such as the discovery of the device during a medical procedure. Instead, he merely

5

provides a recollection of a coiled wire sticking into his skin over 30 years ago, and that the wire disappeared and no continuing pain persisted. Because Plaintiff's allegations are fanciful, fantastic, and delusional, and have no arguable basis in fact, the court should dismiss them as frivolous under § 1915(e)(2)(B)(i).

Even if accepted as true, the scant and conclusory allegations in the complaint do not state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The only defendant identified by Plaintiff in this action is Rebekah E. Gee. Plaintiff has not indicated how Secretary Gee would be responsible for the alleged acts in either her individual capacity or official capacity as Secretary of the Louisiana Department of Health and Hospitals.

Moreover, the one-year prescriptive period for delictual actions pursuant to Louisiana Civil Code article 3492 is applicable to Plaintiff's allegations in this case. *See Brown v. Cain*, 546 F. App'x 471, 473-74 (5th Cir. 2013). Read liberally, the pleadings assert that Plaintiff was incarcerated sometime in the 1980s. Plaintiff asserts that he noticed the alleged monitoring device at that time. Accordingly, to the degree that an item was improperly placed inside of Plaintiff while he was imprisoned, Plaintiff had sufficient information to determine he was injured prior to the expiration of the one-year prescriptive period. Plaintiff provides insufficient factual allegations to establish any continued tort or violation, as Plaintiff has only raised conclusory allegations regarding the existence of a monitoring device inside of his body. Accordingly, Plaintiff's claims are prescribed.

### III.   Conclusion

In conclusion, Plaintiff's Complaint may be dismissed as frivolous as Plaintiff's claims are premised only upon allegations that are clearly fanciful, fantastic and delusional on their face.

In addition, the Complaint fails to state a claim on which relief may be granted because the facts alleged are implausible and conclusory, there is no indication who the sole defendant, Rebekah E. Gee, is responsible for the alleged acts, and the alleged acts appear to be prescribed. Any amendment to the pleadings would be futile because Plaintiff's claims lack any arguable basis in fact due to the nature of the allegations contained in the Complaint.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED** that the pending Motion for the Appointment of Counsel (R. Doc. 3), "Motion to Have Summon and Complaint Served by U.S. Marshal" (R. Doc. 4), "Motion to File Patent 'Implant Telemetry System' as Evidence to a Coiled Biomedical Implants" (R. Doc. 6), "Motion to File Plaintiff's Records of His Social Security Disability Findings and Conclusion" (R. Doc. 7), and "Motion for Rule 45 Medical Examination" (R. Doc. 9) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on March 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**